MITCHELL J. LANGBERG, ESQ.
NV Bar No. 10118
mlangberg@bhfs.com
ERIC D. WALTHER, ESQ.
NV Bar No. 13611
ewalther@bhfs.com
**BROWNSTEIN HYATT FARBER SCHRECK, LLP 100**
North City Parkway, Suite 1600
Las Vegas, NV 89106-4614
Telephone:  702.382.2101
Facsimile:  702.382.8135

JONATHAN A. SHAPIRO, ESQ. (*pro hac vice forthcoming*)
*JShapiro@goodwinlaw.com*
**GOODWIN PROCTER LLP**
Three Embarcadero Center, 28th Floor
San Francisco, CA 94111
Telephone: 415.733.6000
Facsimile: 415.677.9041

AARON S. THOMPSON (*pro hac vice forthcoming*)
*AThompson@goodwinlaw.com*
**GOODWIN PROCTER LLP**
520 Broadway, Suite 500
Santa Monica, CA 90401
Telephone: 424.252.6400
Facsimile: 424.252.6401

*Attorneys for Defendant Prime Trust LLC*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| AUSTIN WARD, DAVID KREVAT, and NABIL MOHAMAD, individually and on behalf of others similarly situated, | Case No. |
| Plaintiffs, | **PRIME TRUST LLC'S NOTICE OF REMOVAL** |
| v. | Complaint Filed: November 2, 2022 |
| PRIME TRUST, LLC; and DOES 1-10, | Complaint Served: November 8, 2022 |
| Defendant(s). | Removal Filed:  December 7, 2022 |

PLEASE TAKE NOTICE that pursuant to the Class Action Fairness Act of 2005 ("CAFA"), and 28 U.S.C. §§ 1332, 1441, and 1446, Defendant Prime Trust, LLC ("Prime Trust") by their undersigned attorneys,[1] hereby removes to the United States District Court for the District of Nevada, the action captioned *Austin Ward, et. al. v. Prime Trust, LLC; and DOES 1-10*, which is currently pending in the Eighth Judicial District Court of Clark County, Nevada as Case No. A-22-860739B (hereinafter the "State Court Action").

In support of this Notice of Removal, Prime Trust states as follows:

## I.  NATURE OF THE ACTION[2]

1.      In November of 2022, Plaintiffs Austin Ward, David Krevat, and Nabil Mohamad ("Plaintiffs") commenced this action on behalf of themselves and as the representatives of a putative class regarding alleged consumer fraud by Prime Trust and Prime Trust's alleged breaches of duty for failing to sell Plaintiffs' cryptocurrency as directed.

2.      Each Plaintiff alleges that Prime Trust operates as both a trust and a bank for digital assets, including a type of cryptocurrency known as "stablecoin."  Compl. ¶ 3, attached as **Exhibit A**.  According to Plaintiffs, stablecoin differs from traditional cryptocurrency in that its value is pegged to another currency, commodity, or financial instrument, and in that traditional cryptocurrency is uncollateralized, while stablecoin is collateralized.  Compl. ¶ 21.

3.      Plaintiffs allege that Prime Trust serves as an intermediary to the purchase and sale of cryptocurrency through their application programming interface ("API").  Compl. ¶ 24. Through this API, Prime Trust facilitates the purchase and sale of different assets, including cryptocurrency, by linking the consumer's bank account to the market where the asset is sold, moving assets into the consumer's digital wallet, holding the asset, and then releasing the asset into the possession of the consumer.  *Id.*  This transaction process facilitates both the purchase and sale of these digital assets.  *Id.*

---

[1] Pursuant to LR IA 11-2(c), Jonathan A. Shapiro, Esq. and Aaron S. Thompson, Esq. will comply with LR IA 11-2 within 14 days.

[2] The following allegations come from Plaintiffs' Complaint, and are summarized here for the convenience of the Court.  Prime Trust does not concede that any of Plaintiffs' allegations are true at this time.

4.    Plaintiffs allege that in May 2022, market volatility in cryptocurrency reached the stablecoin investing sphere and decreased the value of their stablecoin assets.  In particular, Plaintiffs—holders of a specific stablecoin called TerraUSD ("UST") purportedly pegged to the U.S. dollar at a one-to-one rate (Compl. ¶ 2)—"rush[ed] to liquidate mass quantities of UST" when the "one-to-one peg with the U.S. dollar" failed and fell to $0.90 per UST.  *Id.* ¶ 6.  Plaintiffs claim to have routed their transactions to Prime Trust's API, and, rather than complete those transactions, Plaintiffs allege Prime Trust blocked the completion of those transaction for its own financial gain.  *Id.* ¶¶ 42-43.  In addition, Plaintiffs allege that they discovered that Prime Trust engaged in consumer fraud and deceptive trade practices by misrepresenting that Prime Trust "backs" stablecoins, but failing to disclose that UST was in fact not collateralized.  *Id.* ¶ 79.

5.    Plaintiffs seek recovery for compensatory damages, consequential damages, restitution, disgorgement, punitive damages, and attorneys' fees they allege are owing from Prime Trust as a result of Prime Trust's failure to complete plaintiffs' transactions and alleged consumer fraud.

## II.    **TIMELINESS OF REMOVAL**

6.    This notice of removal is timely under 28 U.S.C. § 1446(b), which requires the filing of a notice of removal "within 30 days after receipt by the defendant, through service, or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action . . . is based."  Plaintiffs filed the Complaint on November 2, 2022 and purport to have served it on November 8, 2022, and this action was removed 29 days later.  **Exhibit A**; Declaration of Service, attached as **Exhibit B**.

7.    For purposes of removal, venue is proper in this Court because the U.S. District Court for the District of Nevada is "the district and division embracing the place where such action is pending."  28 U.S.C. § 1441(a).

/ / /

/ / /

/ / /

**III.**   **CONSENT**

8.   Under 28 U.S.C. § 1446(b)(2)(A), "all defendants who have been properly joined and served must join in or consent to the removal of the action." Prime Trust is the only named defendant in the Complaint, and Prime Trust consents to the removal of the action.

**IV.**   **THE PARTIES AND THEIR CITIZENSHIP**

9.   Plaintiffs allege that Prime Trust is a limited liability company organized under the laws of the State of Nevada with its principal place of business located in Nevada. Compl. ¶ 2.

10.   Plaintiffs allege that Plaintiff Austin Ward is a resident and citizen of California. *Id.* ¶ 9.

11.   Plaintiffs allege that Plaintiff David Krevat is a resident and citizen of Florida. *Id.* ¶ 10.

12.   Plaintiffs allege that Plaintiff Nabil Mohamad is a resident and citizen of Washington. *Id.* ¶ 11.

**V.**   **REMOVAL JURISDICTION UNDER CAFA**

13.   CAFA amended the diversity jurisdiction statute, 28 U.S.C. § 1332, by adding provisions that give federal courts original jurisdiction in class actions where at the time of removal there is a basis to conclude that the following factors are met: (a) any member of the plaintiff class is a citizen of a State different from any defendant ("minimal diversity"); (b) the number of members of the plaintiff class is 100 or more; and (c) the aggregate amount in controversy exceeds $5,000,000; and 28 U.S.C. § 1332(d)(2), (d)(5); *see also Lowdermilk v. United States Bank National Association,* 479 F.3d 994, 997 (9th Cir. 2007).

**A.**   **The Putative Class Satisfies Minimal Diversity.**

14.   CAFA requires only "minimal diversity," meaning that "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A). In the present case, the minimal diversity requirement of the CAFA has been met. As noted above, *supra* Section IV ("The Parties and Their Citizenship"), Prime Trust is a citizen of Nevada and the three named Plaintiffs are citizens of California, Washington, and Florida.

1

**B.    The Putative Class Numbers More Than 100 Members.**

2          15.    The putative class, as defined in Plaintiffs' Complaint is "[a]ll persons who placed

3    orders to sell TerraUSD (UST) on or after May 9, 2022, that were routed to Prime Trust, but that

4    were not processed or settled by Prime Trust at UST's market value at the time they were placed."

5    Compl. ¶ 51.

6          16.    While Prime Trust disputes the allegations in the Complaint, the Complaint makes

7    clear the possible class size far exceeds the threshold 100 class members.  In addition to alleging

8    that there are at least 50 persons in the putative class (Compl. ¶ 5), Plaintiffs allege that "as of May

9    2022" (the time of Prime Trust's alleged improprieties as defined in the Class), "several thousand

10   wallet users' digital asset holdings were invested in . . . UST." *Id.* ¶ 33.  It is those "thousands" of

11   depositors who placed sell orders that were routed to Prime Trust (*id.* ¶ 7), and those "thousands"

12   of depositors whose orders Prime Trust allegedly refused to process (*id.* ¶ 42).  This satisfies Prime

13   Trust's low burden to demonstrate the numerosity requirement as of the date of removal.  *See*

14   *Baker v. Meiling*, 2020 WL 6363844, at *5 (D. Nev. Oct. 29, 2020) (defendant must only

15   demonstrate by a preponderance of the evidence that there are more than 100 members of the

16   proposed class).

17         **C.    The Amount In Controversy Exceeds $5,000,000.**

18         17.    The Complaint does not specify the amount of damages Plaintiffs seek.  Compl.

19   ¶ 16.  Accordingly, Prime Trust's burden to demonstrate that the amount in controversy meets the

20   CAFA threshold is very low.  Prime Trust need only make a showing that it is "more likely than

21   not" that the stakes exceed $5,000,000.  *Abrego v. The DOW Chemical Company*, 443 F.3d 676,

22   683 (9th Cir. 2006); *see also Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 98, 404 (9th Cir.

23   1996) ("Where the complaint does not specify the amount of damages sought, the removing

24   defendant must prove by a preponderance of the evidence that the amount in controversy

25   requirement has been met. [citations omitted] Under this burden, the defendant must provide

26   evidence that it is 'more likely than not' that the amount in controversy satisfies the federal

27   diversity jurisdictional amount requirement.").

28

18.    Thus, while Plaintiffs' Complaint does not set forth the precise amount of money being sought from Prime Trust, the allegations therein make it clear that it is more likely than not that the aggregate amount in controversy for the putative class exceeds $5,000,000. *See* 28 U.S.C. §1332(d)(6) ("the claims of the individual class members shall be aggregated to determine whether the matter in controversy the sum or value of $5,000,000").

19.    *First*, Plaintiffs assert that at the time of the alleged impropriety Prime Trust "was the custodian of several million dollars of savings held in UST" (Compl. ¶ 38), which on its face pleads that large amount as a basis for potential damages claims by Plaintiffs of several million dollars.    From there, Plaintiffs also demand punitive damages (*id.* at "Prayer for Relief"), compensatory damages (*id.* ¶ 107), and attorney fees (*id.* ¶ 83) on top of the actual damages for the proposed Class (*id.* at "Prayer for Relief").    From those allegations—made pursuant to claims that include a statutory claim that explicitly allows for punitive damages and the recovery of attorney fees—it is reasonable to conclude that the statutory minimum of $5,000,000 is met here.

20.    *Second*, the aggregate amount in controversy for the putative class exceeds $5,000,000 because Plaintiffs allege five separate causes of action each demanding a minimum of $15,000 in relief for each cause of action for each Plaintiff (Compl. ¶¶ 72, 83, 90, 99, and 107), and here there are thousands of possible class members here.

21.    As noted above, *supra* Section V.A, Plaintiffs allege that their putative class numbers "several thousand . . . users." Compl. ¶ 33.    Thus, given Plaintiffs' claim for relief of $15,000 per Plaintiff, and given the Plaintiffs' allegation of "several thousand users," the Complaint is fairly read as alleging an amount in controversy of at least $45,000,000 (assuming conservatively that "several thousand" users is an allegation of at least three thousand users).    If Plaintiffs seek more than $15,000 per Plaintiff, then the amount in controversy is even higher.    And even if the number of class members only numbers one thousand, the amount in controversy is at least $15,000,0000.

/ / /

/ / /

**D.    CAFA Exceptions Are Not Applicable .**

22.    Further, while 28 U.S.C. § 1332(d)(3) and (4) recognize situations where this Court may or must decline jurisdiction despite the fact that minimal diversity jurisdiction and the amount in controversy requirements of § 1332(d)(2) are satisfied, Plaintiffs shoulder the burden of establishing that any of these exceptions apply, and cannot meet this burden in the present case. *Serrano v. 180 Connect, Inc.*, 478 F.3d 1018, 1024 (9th Cir. 2007) (holding that party seeking remand of case removed under CAFA, not removing party, bears burden of proof to establish CAFA exception).

**VI.    NON-WAIVER OF DEFENSES AND PROCEDURAL REQUIREMENTS**

23.    The removal of this action to the District of Nevada does not waive Prime Trust's ability to assert any defense in this action.

24.    Prime Trust will file a true and correct copy of this Notice of Removal in the State Court Action in Clark County, Nevada, and will serve the same upon Plaintiffs' counsel

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

1

## CONCLUSION

2    WHEREFORE, Prime Trust has removed this action to the United States District Court for

3    the District of Nevada, in accordance with the statutes in such cases made and provided.

4

5    Respectfully submitted,

6    Dated: December 7, 2022        By: */s/ Mitchell J. Langberg*

7    MITCHELL J. LANGBERG, ESQ.
     NV Bar No. 10118

8    ERIC D. WALTHER, ESQ.
     NV Bar No. 13611

9    **BROWNSTEIN, HYATT, FARBER, SCHREK, LLP**

10   100 North City Parkway, Suite 1600
     Las Vegas, NV 89106

11   JONATHAN A. SHAPIRO, ESQ.

12   (*pro hac vice forthcoming*)
     **GOODWIN PROCTER LLP**

13   Three Embarcadero Center, 28th Floor
     San Francisco, CA 94111

14   AARON S. THOMPSON, ESQ.

15   (*pro hac vice forthcoming*)
     **GOODWIN PROCTER LLP**

16   520 Broadway, Suite 500
     Santa Monica, CA 90401

17   *Attorneys for Defendant Prime Trust, LLC*

18

19

20

21

22

23

24

25

26

27

28

7

## CERTIFICATE OF SERVICE

Pursuant to Fed. R. Civ. P. 5(b), and Section IV of District of Nevada Electronic Filing Procedures, I certify that I am an employee of BROWNSTEIN HYATT FARBER SCHRECK, LLP, and that the foregoing **PRIME TRUST LLC'S NOTICE OF REMOVAL** was served via electronic service and email on the 7th day of December, 2022, to the addresses shown below:

Michael Gayan, Esq.
Mona Kaveh, Esq.
KEMP JONES, LLP
m.gayan@kempjones.com
m.kaveh@kempjones.com

Julie Erickson, Esq.
Elizabeth Kramer, Esq.
Kevin Osborne, Esq.
ERICKSON KRAMER OSBORNE LLP
Julie@eko.law
elizabeth@eko.law
kevin@eko.law

*Attorneys for Plaintiffs*

　　　　　　　　　　　　　　 /s/ Wendy Cosby
　　　　　　　　　　　　　　an employee of BROWNSTEIN HYATT FARBER SCHRECK, LLP

ACTIVE/120202117.9