UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| AUSTIN WARD, DAVID KREVAT, and NABIL MOHAMAD, individually and on behalf of others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>PRIME TRUST, LLC; and DOES 1-10,<br><br>Defendants. | Case No. 2:22-cv-02034-APG-EJY<br><br>**ORDER** |

Pending before the Court is the Joint Status Report on Discovery (ECF No. 44) filed in response to the Court's Minute Order issued on March 23, 2023 (ECF No. 43). Succinctly stated, the Status Report includes Defendant's position that discovery should be stayed pending a Motion to Dismiss and a Motion to Strike each filed in late January and Plaintiffs' position that the discovery should commence immediately because the Motions to Dismiss and to Strike are meritless.

Courts have broad discretion to control discovery. *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988). "The Federal Rules of Civil Procedure do not provide for automatic or blanket stays of discovery when a potentially dispositive motion is pending." *Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 600 (D. Nev. 2011). A pending dispositive motion "is not ordinarily a situation that in and of itself would warrant a stay of discovery." *Turner Broad. Sys., Inc. v. Tracinda Corp.*, 175 F.R.D. 554, 556 (D. Nev. 1997) (quotation omitted). Nor does the fact that "discovery may involve some inconvenience and expense" automatically lead to a stay of discovery. *Id.*

When deciding whether to grant a discovery stay, courts are often guided by Rule 1 of the Federal Rules of Civil Procedure requiring the just, speedy, and inexpensive determination of every action. *Tradebay*, 278 F.R.D. at 602-03. Generally, a motion to stay discovery pending resolution of other motions may be granted when: (1) the pending motion is potentially dispositive; (2) the potentially dispositive motion can be decided without additional discovery; and (3) the Court has taken a "preliminary peek" at the merits of the potentially dispositive motion to evaluate the

likelihood of dismissal. *Kor Media Group, LLC v. Green*, 294 F.R.D. 579, 581 (D. Nev. 2013). The party seeking a discovery stay bears the burden of establishing the stay is warranted. *Kabo Tools Co. v. Porauto Indus. Co., Ltd.*, 2013 U.S. Dist. Lexis 156928, *1 (D. Nev. Oct. 31, 2013) (citing *Holiday Sys., Int'l of Nev. v. Vivarelli, Scharwz, and Assocs.*, 2012 U.S. Dist. Lexis 125542, *5 (D. Nev. Sept. 5, 2012)).

The Court took a preliminary peek at the Motion to Dismiss, the Opposition, and Reply. The Court also took a peek at the Motion to Strike the class claims. Without predicting an outcome, the Court finds conducting class discovery would be premature. Class discovery typically involves a substantial investment of time by all parties, an intrusion into business and personal data, above average discovery expense, and, not infrequently, motion practice. The Court finds, based on the allegations in Plaintiffs' Complaint and Defendant's pending Motions, Rule 1 of the Federal Rules of Civil Procedure is best served by staying class discovery during the pendency of the Motions to Dismiss and to Strike class allegations. However, the Court further finds permitting discovery with respect to the claims asserted individually by the three named Plaintiffs should proceed over the next 90 days through written requests under Fed. R. Civ. P. 33, 34, and 36. The information gathered through written discovery is limited by relevance and proportionality to the individual claims as dictated by Fed. R. Civ. P. 26. The parties may exchange written discovery, which will, if this case proceeds as a class action, lay the foundation for the named Plaintiffs' representation of the class, typicality, and that proceeding by way of class claims is superior to proceeding through individual claims. If class allegations are struck or the case is dismissed without prejudice, the discovery allowed under this Order will not have been so burdensome as to have dramatically wasted the resources of any party.

Accordingly, IT IS HEREBY ORDERED that a 90 day discovery period is opened by the Court. This period of discovery is measured from the date of this Order forward through **July 12, 2023**.

IT IS FURTHER ORDERED that Plaintiffs may issue interrogatories, document requests, and requests for admissions to Defendant; and, Defendant may issue the same to each Plaintiff. To ensure discovery does not become unwieldly, the Court limits the number of discovery requests as follows:

    1. Plaintiffs may collectively propound 15 interrogatories, 25 document requests, and 25 requests for admissions on Defendant; and,

    2. Defendant may propound 10 interrogatories, 10 document requests, and 15 requests for admissions on each Plaintiff.

IT IS FURTHER ORDERED that discovery requests must be propounded so that the responses to the same are due on or before **July 12, 2023**.

IT IS FURTHER ORDERED that if the pending Motion to Dismiss and Motion to Strike are not resolved by **July 12, 2023**, the parties must file a Joint Status Report identifying what, if any, additional discovery they wish to conduct pending the resolution of the outstanding potentially dispositive motions.

Dated this 13th day of April, 2023.

ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE